RUBIN et al. v. JOHN C. GABLER CO.

(Supreme Court, Appellate Division, Second Department. June 12, 1908.)

1. APPEAL AND ERROR—OBJECTION NOT MADE BELOW—VARIANCE.

The objection of variance not having been made below, but the case having been tried on the theory of substantial performance, though the complaint alleged full and complete performance, it cannot be made on appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 1491.]

2. DAMAGES—CONTRACTS—BREACH—STIPULATED DAMAGES.

Though plaintiff's contract to do work for defendant made time of the essence, "as I [defendant] am under forfeit of $50 a day for completion," defendant is entitled to no recovery for plaintiff's failure to complete in time, in the absence of evidence of damage sustained by reason of such failure.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 183.]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Abraham Rubin and another against the John C. Gabler Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Geo. B. McCartee, for appellant.

Jas. E. Finegan, for respondents.

RICH, J. The complaint contains two causes of action; the first based upon a contract all of the terms and conditions of which it is alleged were duly performed by plaintiffs, and the second upon quantum meruit for the value of the. same materials and services. There was no evidence given upon the trial of the value of the materials furnished or services rendered, and the trial court properly limited the plaintiffs' right to recover to the first cause of action, resting upon the full performance by plaintiffs of the alleged contract. By the terms of this instrument the plaintiffs were to deliver the materials not later than May 7, 1907, and complete the labor on or before May 9th. The contract is contained in a written proposal made by plaintiffs and defendant's letter of acceptance, which contained the following clause:

"Time is the essence of this contract, as I am under forfeit of $50 a day for completion."

Upon the trial the evidence of the plaintiffs established the fact that their labor was not completed within the time limited by the contract, and the appellant now contends that the judgment must be reversed

for the reason that, having alleged full performance of the contract, the plaintiffs could not recover upon proof that they did not fully perform, but were prevented from so doing by the acts of the defendant, and that completion within the time limit fixed by the contract was waived. The difficulty which the appellant encounters is that objection to such evidence was not properly or seasonably taken. The appellant permitted evidence to be given without objection that the plaintiffs' failure to complete their work within the time limit of their contract was caused by the failure of the defendant to have the building in such condition that their work could be done. At no time during the trial was the attention of the court directed to any claim that such evidence was inadmissible under the pleadings, or that the plaintiffs were not entitled to recover upon such evidence. The attention of the court was not called to the fact that they had pleaded full and complete performance. The defendant introduced evidence upon the same subjects, and the case was tried and submitted to the jury upon the question of whether there had been substantial, although not complete, performance by the plaintiffs. The evidence for both parties upon this question was before the jury without objection; and the charge of the court, made at the request of counsel for the plaintiffs, "that there is an implied obligation on the part of the defendant to have the premises in readiness for the plaintiffs' work," and "if the jury find that there was a delay caused on the part of plaintiffs, by reason of the fact that the defendant· did not have these premises in readiness on the day set for the beginning of the work, that there is a waiver as to the time," was not excepted to. It is too late now to raise this question. The appellant cannot be permitted to object to the testimony for the first time in this court, and avail itself of the benefit of the rule of law suggested.

No error was committed by the trial court in the charge relating to the alleged counterclaim. There was no evidence of any loss of bonus or payment of forfeiture caused by plaintiffs' failure to finish their work within the time stated in the contract, and no evidence of damage of any kind sustained by defendant which could be charged to such failure. In the absence of such evidence, the defendant was not entitled to any relief based upon the counterclaim.

The judgment of the Municipal Court must be affirmed, with costs. All concur.